UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and DUTCH BLITZ ACQUISITION CORPORATION, a Pennsylvania corporation,<br><br>Plaintiff(s),<br><br>v.<br><br>TIAN RUIPING, an individual, d/b/a REAL VIOLET, et al.,<br><br>Defendant(s). | CASE NO. 2:21-cv-00159-TL<br><br>ORDER ON *EX PARTE* MOTION FOR EXPEDITED DISCOVERY |

This matter is before the Court on Plaintiffs' *ex parte* motion for expedited discovery. Dkt. No. 25. Having considered the relevant record, the Court hereby GRANTS the motion for the reasons below.

## I.   BACKGROUND

Plaintiffs Amazon.com, Inc. and Dutch Blitz Acquisition Company bring this consolidated action against Defendants, who are unidentified third-party advertisers and sellers

of counterfeit Dutch Blitz products on Amazon.com. Dkt. No. 1 at 3–4 (complaint); Dkt. No. 10 at 2 (motion to consolidate cases).

Despite extensive efforts, Plaintiffs have been unsuccessful at identifying or locating Defendants. For example, Plaintiffs' attempts to serve process at the U.S. addresses linked to the Amazon selling account associated with Defendants ("Amazon Selling Accounts") were unsuccessful and yielded no clues. Dkt. No. 26 at 2. Plaintiffs then filed a motion for alternative service by email, which this Court denied without prejudice. Dkt. No. 21 at 10. The denial was largely based on Plaintiffs' failure to show that the billing addresses in China associated with Defendants were inadequate for service under the Hague Convention. *Id.* at 7.

Plaintiffs completed the steps required for service under the Hague Convention, for Defendants whose Chinese addresses were available, on April 15, 2022. Dkt. No. 27 at 2; Dkt. Nos. 23, 28 (status reports on service of process). Plaintiffs have not received a confirmation or response from the Hague Convention service attempt. Dkt. No. 27 at 2. Plaintiffs also hired investigators to confirm that none of the Defendants reside at any of the Chinese addresses. Dkt. No. 27 at 3. Separately, Plaintiffs determined that all Defendants have virtual bank accounts administered by Payoneer Inc. associated with their Amazon Selling Accounts, four of the Defendants have email addresses operated by Microsoft Corporation or Yahoo Inc, and four of the Defendants seem to use shipping and logistics services provided by Unibarns Trading Inc. and Arch E-Business International. Dkt. No. 26 at 2; Dkt. No. 27 at 3.

Plaintiffs now seek the Court's leave to serve Rule 45 subpoenas on the above-named service providers associated with the Amazon Selling Accounts for information regarding

Defendants' identities and locations and other bad actors responsible for the alleged counterfeit activity. Dkt. No. 25 at 9.[1]

## II. DISCUSSION

A party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by [the Federal Rules of Civil Procedure], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). To deviate from the standard pretrial schedule, including by seeking expedited third-party discovery prior to a Rule 26(f) conference, the moving party must demonstrate good cause exists for such a departure. *See, e.g.*, *Amazon.com, Inc. v. Dafang Haojiafu Hotpot Store*, 2022 WL 2511742, at *2 (W.D. Wash. June 8, 2022) (finding good cause for third-party discovery for Amazon to identify defendants for service of process); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In evaluating whether good cause exists to permit expedited discovery, as here, courts examine the diligence and intent of the moving party and whether the need for expedited discovery outweighs the prejudice to the responding party. *See, e.g.*, *Amazon.com, Inc.*, 2022 WL 2511742, at *1 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Plaintiffs have shown good cause exists for limited expedited discovery to ascertain the identity and location of Defendants to effect service of process. Plaintiffs have made diligent efforts to identify and locate Defendants, including by sending process servers and investigators to multiple U.S. and Chinese addresses. Dkt. No. 26 at 2; Dkt. No. 27 at 3. And, while Plaintiffs

---

[1] Plaintiffs' wording in the scope of the sought-after third-party discovery varies. *Compare* Dkt. No. 25 at 1 (seeking Defendants' identities, locations, and "the scope of their counterfeiting scheme") *with id.* at 9 (seeking Defendants' identities and location and "other bad actors responsible for the counterfeiting scheme"). As the former request is broad and vague, and to avoid imposing an undue burden or expense on third parties without greater justification (*see* Fed. R. Civ. P. 45(d)(1)), the Court proceeds on the assumption that the more limited scope, of seeking potential "other bad actors" through these third-party subpoenas, is the intended scope of the request.

ORDER ON EX PARTE MOTION
FOR EXPEDITED DISCOVERY - 3

have yet to attempt contacting Defendants directly,[2] Defendants appear to have made significant efforts to hide their identities and location (as evidenced by the numerous false addresses associated with their Amazon Selling Accounts, *see* Dkt. No. 26 at 2; Dkt. No. 27 at 3), and so such efforts likely would have been futile. Certainly, this situation is somewhat of Plaintiff Amazon's own doing, as Amazon permitted Defendants to register and operate Amazon Selling Accounts without knowing their identities. *See Amazon.com, Inc.*, 2022 WL 2511742, at *2 ("[T]he Court struggles to conclude that Amazon has been fully diligent in seeking to learn the identity of the Defendants. Amazon . . . elected not to seek additional verification of the Defendants' identities at the time it agreed to allow Defendants to market goods on its website."). But this is not sufficient to excuse Defendant from being hailed into this Court to answer for their alleged wrongdoing, and Plaintiffs are entitled to an opportunity to identify their Defendants through limited discovery. *See Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) ("If the identity of any defendant is unknown, 'the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities . . . .'" (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980))).

Further, minimal prejudice to Defendants would result from granting the third-party discovery that is being sought: Plaintiffs' discovery request is narrowly tailored to obtain a limited set of information about Defendants necessary to give Defendants proper notice of this action, and the discovery is aimed at third parties and so does not impose a burden on Defendants. *See Amazon.com, Inc.*, 2022 WL 2511742, at *3. Indeed, courts have routinely permitted early discovery for the limited purpose of identifying defendants to enable service of

---

[2] Part of the Court's prior denial of the motion for alternative service was based on Plaintiffs' failure to show that they had attempted to communicate with Defendants electronically, such as by the known email addresses or through the Amazon Selling Accounts. Dkt. No. 21 at 8.

process, especially where plaintiffs have demonstrated that they are not able to identify or serve defendants without the requested discovery, as they have done here. *See id.* at *2 (listing cases).

### III.  CONCLUSION

Accordingly, Plaintiffs' *ex parte* motion for expedited discovery (Dkt. No. 25) is hereby GRANTED. Plaintiff may serve Rule 45 subpoenas, prior to the Rule 26(f) conference, on the following third-party entities for the purposes of obtaining information regarding Defendants' identities and locations and other potential individuals or entities involved in the alleged counterfeiting scheme:

- Payoneer Inc.
- Microsoft Corporation
- Yahoo Inc.
- Unibarns Trading Inc.
- Arch E-Business International

To the extent Plaintiffs identify additional entities or individuals that may have responsive information related to the identity or location of Defendants, Plaintiffs must seek leave from the Court to serve additional Rule 45 subpoenas on those entities or individuals prior to the Rule 26(f) conference.

Dated this 12th day of August 2022.

Tana Lin
United States District Judge