1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5
6

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and DUTCH BLITZ ACQUISITION CORPORATION, a Pennsylvania corporation,<br><br>      Plaintiffs,<br><br> v.<br><br>ZHENYONG DONG, an individual, d/b/a Selling Accounts Real Violet, Eun Almonte, Soomi Lee, Colby Wayne Clothing LLC, and Silvia Lopez; BIBIAO HE, an individual, d/b/a Selling Accounts Eun Almonte, Soomi Lee, Silvia Lopez, and Amanda Kelley; XINDI SHEN, an individual, d/b/a Selling Account Real Violet; CHANGTE HE, an individual, d/b/a Colby Wayne Clothing LLC; and DOES 1-10,<br><br>      Defendants. | CASE NO. 2:21-cv-00159-TL-BAT<br><br>**ORDER DENYING WITHOUT PREJUDICE *EX PARTE* MOTION FOR ALTERNATIVE SERVICE OF PROCESS** |

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Before the Court is the *ex parte* renewed motion for alternative service of process of Plaintiffs Amazon.com, Inc. ("Amazon") and Dutch Blitz Acquisition Corporation ("Dutch Blitz"). Dkt. 38. Plaintiffs seek an order authorizing them to complete service of process by email on Defendants Zhenyong Dong ("Dong"), Bibiao He ("B. He"), Xindi Shen ("Shen"), and Changte He ("C. He"). *Id.*

23

For the reasons stated herein, the Court denies the motion without prejudice.

ORDER DENYING WITHOUT PREJUDICE
EX PARTE MOTION FOR ALTERNATIVE
SERVICE OF PROCESS - 1

BACKGROUND

Plaintiffs brought claims against Defendants for allegedly selling counterfeit goods on Amazon.com that infringed on Defendant Dutch Blitz's registered trademarks. Dkt. 30. Between 2019 and 2020, Defendants established six Amazon selling accounts (the "Selling Accounts") through which they sought to advertise, market, sell, and distribute counterfeit Dutch Blitz products. In connection with these Selling Accounts, Defendants provided names, email addresses, and banking information. Defendants took active steps to mislead Amazon and conceal their true location and identities by providing false information. Plaintiffs have had to expend significant time and resources to uncover Defendants' true identities where possible. Dkt. 30, ¶ 33. In July 2019 and May and June 2020, Dutch Blitz conducted test purchases from Defendants' Selling Accounts and determined they were counterfeit. Thereafter, Amazon verified the counterfeit sales and blocked Defendants' Selling Accounts. *Id.*, ¶¶ 39-58.

On August 10, 2021, Plaintiffs filed a Motion for Alternative Service asking to serve all Defendants via the email addresses they used to register their Selling Accounts. Dkt. 16. On February 17, 2022, the Court denied Plaintiffs' Motion for Alternative Service without prejudice and ordered Plaintiffs to first attempt service through the Hague Convention at the Billing Addresses. Dkt. 21. Among the reasons the Court denied Plaintiffs' initial Motion for Alternative Service is that Plaintiffs had not shown they lacked reliable addresses for Defendants and had not pointed to recent communications with Defendants demonstrating the reliability of the proposed email service. Dkt. 21 at 6.

On April 15, 2022, Plaintiffs provided all documents required for completion of service under the Hague Convention for transmission to the Ministry of Justice in China. Dkt. 40, Declaration of Scott Commerson, ¶ 4. To date, no confirmation has been received on the

1   completion of this service although on December 30, 2022, counsel for a formerly named

2   defendant following notice of the complaint, filed a police report concerning Defendants' theft

3   and fraud. *Id.*, ¶ 5.

4          Through subpoenas on a virtual payment service provider, Payoneer, Inc. ("Payoneer"),

5   Plaintiffs learned the names of the Payoneer account holders linked to the Amazon Selling

6   Account, email addresses for the account holders linked to the Selling Accounts, and

7   disbursements of funds from the Selling Accounts to the Payoneer accounts – all of which traced

8   back to the four Defendants. *Id.*, ¶¶ 6-9. The Payoneer production also disclosed physical

9   addresses in China, however Plaintiffs' investigation revealed one address could not be located at

10  all and while the other addresses existed, Defendants could not be found at them. *Id.*, ¶ 10.

11         On May 2 and May 5, 2023, Plaintiffs' counsel directed test emails (with courtesy copies

12  of the First Amended Complaint, civil cover sheet, and summonses) to Defendants at their

13  registered email addresses and at the email addresses provided by Defendants to Payoneer.

14  Plaintiffs received no error or "bounce back" notices after sending the test emails. *Id.*, ¶¶ 14-16.

15                                          DISCUSSION

16         Proper service requires satisfying both Fed. R. Civ. P. 4 and constitutional notions of due

17  process. *See generally Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir.

18  2002). To eliminate unnecessary technicalities and cost, Rule 4 provides several options for

19  effectuating service in foreign countries and expressly grants courts broad discretion to authorize

20  service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Due

21  process requires the method of service crafted by the district court must be "reasonably

22  calculated, under all the circumstances, to apprise interested parties of the pendency of the action

23  and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank &*

1    *Trust Co*., 339 U.S. 306, 314-15 (1950) (collecting cases). Plaintiff bears the burden of

2    effectuating proof of service. *See Butcher's Union Local No. 498, United Food and Commercial*

3    *Workers v. SDC Inv., Inc*., 788 F.2d 535, 538 (9th Cir. 1986).

4         Plaintiffs' investigation leads them to believe Defendants reside in China. China is a

5    signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial

6    Documents (the "Hague Convention"). *See* Dkt. 40, Commerson Decl. ¶ 13. Federal Rule of

7    Civil Procedure 4(f)(3) and the Hague Convention allow for service via email on Chinese

8    defendants. *See*, *e.g*., *Amazon.com, Inc. v. Dafang Haojiafu Hotpot Store*, 2021 WL 4307067

9    (W.D. Wash. Sept. 22, 2021) (granting plaintiffs' motion for alternative service via email on

10   defendants believed to reside in China) (J. Martinez); *Amazon.com, Inc. v. Sirowl Tech*., 2020

11   WL 7122846, at *3 (W.D. Wash. Dec. 4, 2020) (same) (J. Martinez).

12        Service by email has been found to be reasonably calculated to provide notice and an

13   opportunity to respond where the defendant "has embraced the modern e-business model and

14   profited immensely from it…. and structured its business such that it could be contacted *only* via

15   its email address." *See*, *e.g*., *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016–

16   18. Other courts have allowed service by email where the plaintiffs have demonstrated an

17   inability to obtain a valid physical address for defendants, defendants conduct business through

18   the internet, and email is the defendants' preferred method of communication. *See*, *e.g.*, *Sirowl*

19   *Tech*., 2020 WL 7122846, at *3; *Dafang HaoJiafu Hotpot Store*, 2021 WL 4307067, at *1

20   (quoting *Sirowl Tech*., 2020 WL 7122846, at *3) (J. Martinez)); *Bright Sols. for Dyslexia, Inc. v.*

21   *Lee*, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017), report and recommendation adopted,

22   2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).

23

ORDER DENYING WITHOUT PREJUDICE
EX PARTE MOTION FOR ALTERNATIVE
SERVICE OF PROCESS - 4

1    Other courts have granted requests to serve defendants via email where plaintiffs first

2   sent "test" emails to ensure the email addresses are valid. Where test emails are not returned as

3   undeliverable, these courts deemed defendants' email addresses proper methods for service. *See*,

4   *e.g.*, *TV Ears, Inc. v. Joyshia Dev. Ltd.*, 2021 WL 165013, at *3 (S.D. Cal. Jan. 19, 2021)

5   (granting leave for service via email where test emails to defendants "did not bounce back nor

6   [were] returned as being 'undeliverable.'"); *Dyslexia*, 2017 WL 10398818, at *7 ("Plaintiffs

7   served Defendants [by email] and filed proofs of service. These emails did not bounce back.

8   Service was therefore proper.").

9    Plaintiffs attempted to serve Defendants via the Hague Convention but have not received

10   confirmation of service in over a year. Pursuant to Fed. R. Civ. P. 4, Advisory Notes, "[t]he

11   Hague Convention does not specify a time within which a foreign country's Central Authority

12   must effect service, but Article 15 does provide that alternate methods may be used if a Central

13   Authority does not respond within six months."

14    Plaintiffs state the email addresses used by Defendants to register their Selling Accounts

15   with Amazon and the email addresses Defendants provided to Payoneer to receive payments

16   from those Selling Accounts are their only valid source of contact information for the Defendants

17   and that test emails sent to these email addresses did not bounce back. Dkt. 40, Commerson

18   Decl., ¶ 17. Plaintiffs opine that "Defendants have ample reason to monitor the email accounts

19   connected to the payment service provider they selected to manage their funds." Dkt. 39,

20   Declaration of Elaine Haskel, ¶ 17. However, according to the Amended Complaint, Amazon

21   terminated Defendants' Selling Accounts sometime in 2019 and 2020 and there is no evidence

22   Defendants are, in fact, monitoring the email accounts and no evidence they are still receiving

23   funds through Payoneer. The information provided to the Court at this juncture shows only that a

ORDER DENYING WITHOUT PREJUDICE
EX PARTE MOTION FOR ALTERNATIVE
SERVICE OF PROCESS - 5

1  particular email address is still functioning, not that Defendants are in fact, monitoring the email

2  accounts or receiving the messages.

3      Although several courts have found that alternative service by email is satisfied when the

4  plaintiff demonstrates the email addresses at issue are valid because they did not "bounce back,"

5  in most of these cases, there were indicia that the defendants would in fact receive notice of the

6  lawsuit if the plaintiffs served them by email. *See*, *e.g.*, *Rio Properties*, 284 F.3d at 1017

7  (summons and complaint emailed to defendant's international courier who provided documents

8  to defendants' attorney); *Keck v. Alibaba.com, Inc*., No. 17-CV-05672-BLF, 2018 WL 3632160,

9  at *2 (N.D. Cal. July 31, 2018) (no error messages received in response to the test emails and

10 many defendants responded to the emails).

11     Plaintiffs have not demonstrated that serving Defendants via emails linked to accounts

12 that were closed over two and three years ago will likely provide Defendants with notice of this

13 lawsuit. Accordingly, the Court **DENIES** Plaintiff's motion (Dkt. 38). Plaintiffs may renew their

14 motion with evidence of recent communications to Defendants that demonstrates service by

15 email is a reliable method to provide Defendants with notice of the pendency of this action.

16     DATED this 21st day of June, 2023.

17

18     _____
       BRIAN A. TSUCHIDA
19     United States Magistrate Judge

20

21

22

23

ORDER DENYING WITHOUT PREJUDICE
EX PARTE MOTION FOR ALTERNATIVE
SERVICE OF PROCESS - 6