The Honorable Tana Lin
The Honorable Brian A. Tsuchida

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and DUTCH BLITZ ACQUISITION CORPORATION, a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ZHENYONG DONG, an individual, d/b/a Selling Accounts Real Violet, Eun Almonte, Soomi Lee, Colby Wayne Clothing LLC, and Silvia Lopez; BIBIAO HE, an individual, d/b/a Selling Accounts Eun Almonte, Soomi Lee, Silvia Lopez, and Amanda Kelley; XINDI SHEN, an individual, d/b/a Selling Account Real Violet; CHANGTE HE, an individual, d/b/a Colby Wayne Clothing LLC; and DOES 1-10,<br><br>Defendants. | Lead Consolidated Case No. 2:21-cv-00159-TL-BAT<br><br>Consolidated Cases:<br>2:21-cv-00160<br>2:21-cv-00161<br>2:21-cv-00162<br><br>**PLAINTIFFS' *EX PARTE* SECOND RENEWED MOTION FOR ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS**<br><br>WITHOUT ORAL ARGUMENT<br><br>NOTE ON MOTION CALENDAR: AUGUST 28, 2023 |

## I.     INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Amazon.com, Inc ("Amazon"), and Dutch Blitz Acquisition Corporation ("Dutch Blitz" and together with Amazon, "Plaintiffs") respectfully move the Court for an order authorizing service of process by email on Defendants Zhenyong Dong ("Dong") and Bibiao He ("B. He," and together with Dong, "Defendants").[1]

---

[1] Plaintiffs are voluntarily dismissing their claims against Xindi Shen and Changte He without prejudice.

PLAINTIFFS' *EX PARTE* SECOND RENEWED MOTION
FOR ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS- 1
(Lead Consolidated Case No. 2:21-cv-0159-TL-BAT)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Alternative service is necessary to hold Defendants accountable for their unlawful sale of counterfeit Dutch Blitz products in the Amazon.com store (the "Amazon Store") in violation of Dutch Blitz's intellectual property rights and Amazon's contracts and policies. *See*, *e.g.*, Dkt. 1, 30. Defendants are located at unknown locations in China, and Plaintiffs have been unable to serve Defendants by conventional means despite diligent efforts. Dkt. 40, ¶¶ 10-13. To confirm that email service was feasible, Plaintiffs previously sent test emails to two sets of email addresses used by Defendants Dong and B. He in connection with their counterfeit scheme, namely: (1) email addresses each Defendant used to register their Amazon selling accounts (the "Selling Accounts")[2] and communicate with Amazon; and (2) email addresses each Defendant registered in connection with financial accounts operated by the virtual payment service provider, Payoneer, Inc. ("Payoneer"), and which financial accounts were used by Defendants to funnel proceeds from counterfeit sales made through their Selling Accounts. *Id.*, ¶¶ 8-10, 14, 16; Dkt. 39, ¶¶ 4-5. Plaintiffs' test emails to Defendants' email addresses received no error notices or bounce back messages, and thus confirmed that Plaintiffs have multiple working email addresses for both Dong and B. He. Dkt. 40, ¶¶ 14, 16-17.

Plaintiffs moved for permission to complete service on the defendants named in the First Amended Complaint for Damages and Equitable Relief ("FAC") by emailing the Summonses and the FAC to two sets of email addresses for each defendant—the email addresses registered to Amazon and Payoneer. Dkt. 38. However, the Court denied that motion on the ground that Plaintiffs had not shown that defendants were "monitoring" the email addresses, Dkt. 42 at 5-6, and granted additional time for Plaintiffs to collect such evidence. While Plaintiffs respectfully disagree that such evidence is required to satisfy constitutional due process under the facts of this case, they present additional evidence with this Second Renewed Motion to demonstrate that each Defendant recently accessed the email addresses that Plaintiffs seek to serve. Specifically,

---

[2] Defendant Dong is the registered account holder for five Selling Accounts: (1) Real Violet, (2) Eun Almonte, (3) Soomi Lee, (4) Silvia Lopez, and (5) Colby Wayne Clothing LLC. Defendant B. He is the registered account holder for four Selling Accounts: (1) Amanda Kelley, (2) Eun Almonte, (3) Soomi Lee, and (4) Silvia Lopez.

PLAINTIFFS' *EX PARTE* SECOND RENEWED MOTION
FOR ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS- 2
(Lead Consolidated Case No. 2:21-cv-0159-TL-BAT)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

both Defendants used the email addresses they registered with Payoneer to log in and access their respective financial accounts within the past five months, demonstrating a likelihood that they are continuing to use these email addresses. Declaration of Scott Commerson ("Commerson Decl.") ¶ 2 Therefore, service on those email addresses is "***reasonably calculated, under all the circumstances***, to apprise the interested parties of the pendency of the action and afford them the opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (emphasis added).

## II.   BACKGROUND

### A.   Plaintiffs' Efforts to Identify and Serve Defendants

Because the background of this action has been exhaustively detailed in Plaintiffs' *Ex Parte* Motion for Alternative Service (Dkt. 16) and Renewed *Ex Parte* Motion for Alternative Service (Dkt. 38), Plaintiffs will only briefly summarize the pertinent facts here.

Following Plaintiffs' unsuccessful attempts to locate and serve defendants at physical addresses in the U.S. that were registered with their Amazon selling accounts, Plaintiffs filed their first motion for alternative service on August 10, 2021, in which they sought to serve all defendants via the email addresses they used to register their Selling Accounts and communicate with Amazon. Dkt. 16. On February 17, 2022, the Court denied Plaintiffs' first motion for alternative service without prejudice and ordered Plaintiffs to first attempt service on the originally named defendants through the Hague Convention at five addresses in China used as billing addresses for their Selling Accounts. Dkt. 21 at 10. On April 15, 2022, Plaintiffs sent the requisite documents for transmission to the Ministry of Justice of China. Dkt. 23 at 2. Nearly a year and half later, Plaintiffs still await confirmation from the Ministry of Justice whether service has been completed on any of the addresses. However, Plaintiffs learned that efforts to locate and serve a defendant at one address revealed the address was fraudulent and not associated with the bad actors responsible for the counterfeit sales. Dkt. 40, ¶ 5. Plaintiffs believe all the billing addresses are false and/or fraudulent. *Id*., ¶ 12.

Through expedited discovery, Plaintiffs identified the Payoneer account holders who

PLAINTIFFS' *EX PARTE* SECOND RENEWED MOTION
FOR ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS- 3
(Lead Consolidated Case No. 2:21-cv-0159-TL-BAT)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

received disbursements from the proceeds of counterfeit sales made through the Selling Accounts. Dkt. 40, ¶¶ 6–10. Plaintiffs filed the FAC naming these individuals as defendants. Dkt. 30. Payoneer's production also disclosed email addresses and potential physical addresses in China for the accountholders. Dkt. 40, ¶¶ 8, 10. Plaintiffs' investigators found that one physical address in China could not be located at all, and that while the other addresses existed, none of the newly-named defendants could be located at those addresses. *Id.*, ¶ 10.

### B. Plaintiffs' First Renewed Motion for Alternative Service

On June 16, 2023, Plaintiffs filed their first Renewed Motion for Alternative Service, seeking to serve the newly-named defendants via the email addresses (1) that they used to register their Amazon selling accounts and communicate with Amazon, and (2) that they provided to Payoneer in connection with their Payoneer virtual bank accounts that received disbursements from the proceeds of their sales of counterfeit Dutch Blitz products. Dkt. 38. These email addresses were Plaintiffs' only valid source of contact information for the newly-named defendants. Dkt. 40, ¶ 17. To test whether the email addresses remained functional, Plaintiffs' counsel caused test emails to be sent to defendants' email addresses on May 2, 2023, May 5, 2023, and May 9, 2023. Dkt. 40, ¶¶ 14-16. The test emails attached a courtesy copy of the FAC, Summonses, and civil cover sheet. *Id*. These efforts confirmed that the following email addresses are active and working:[3]

For Defendant Dong—

- The following email addresses Dong registered with Amazon in connection with the Real Violet, Eun Almonte, and Soomi Lee Selling Accounts: linkesshtoomiss@outlook.com, shaiqiao95599@163.com, laishi72435679@163.com; and

- The following email address Dong provided to Payoneer: 84389698@qq.com.

For Defendant B. He—

---

[3] Plaintiffs' test emails also confirmed that there is also at least one working email address for each of the defendants Xindi Shen and Bibiao He. Dkt. 40, ¶¶ 17-18.

PLAINTIFFS' *EX PARTE* SECOND RENEWED MOTION
FOR ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS- 4
(Lead Consolidated Case No. 2:21-cv-0159-TL-BAT)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

- The following email addresses B. He registered with Amazon in connection with the Amanda Kelley, Eun Almonte, and Soomi Lee Selling Accounts: bre5h5t4bdbaa@hotmail.com, shaiqiao95599@163.com, laishi72435679@163.com; and

- The following email address B. He provided to Payoneer: bibiaopppka@sina.com.

*Id.*, ¶ 17-18.

On June 21, 2023, the Court denied Plaintiffs' Renewed Motion for Alternative Service without prejudice (the "Order"). Dkt. 42. The Court affirmed that Federal Rule of Civil Procedure (FRCP) 4(f)(3) and the Hague Convention both allow for service via email on Chinese defendants. *Id.* at 4. The Order further affirmed that courts have considered email addresses proper methods for service where the test emails are not returned as undeliverable. *Id.* at 5. However, the Court noted that Amazon had terminated the Selling Accounts in 2019 and 2020, and concluded that while Plaintiffs' test emails provided evidence that the email addresses were functional, Plaintiffs had not provided sufficient evidence that defendants were still "monitoring the email [addresses]." *Id*. The Court granted Plaintiffs 60 days to renew their motion with evidence that defendants are monitoring their email addresses. Dkt. 43.

**C. Plaintiffs' Further Investigation into Defendants' Email Addresses Registered with Payoneer**

Following the Order, Plaintiffs sought further information from Payoneer regarding Defendants' use of the email addresses to access their Payoneer accounts. Commerson Decl., ¶ 2. Plaintiffs received confirmation from Payoneer that B. He used the email address registered with Payoneer (bibiaopppka@sina.com) to log in and access his Payoneer account as recently as July 21, 2023, and that Dong used the email address registered with Payoneer (84389698@qq.com) to log in and access his Payoneer account as recently as March 28, 2023. *Id.*

PLAINTIFFS' *EX PARTE* SECOND RENEWED MOTION
FOR ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS- 5
(Lead Consolidated Case No. 2:21-cv-0159-TL-BAT)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

### III.     ARGUMENT

#### A.     Plaintiffs Satisfy the Factors Warranting Email Service

FRCP 4(f)(3) provides that service on an individual in a foreign country may be accomplished "by other means not prohibited by international agreement, as the court orders." To seek alternative service under this rule, the plaintiff must demonstrate only "that the facts and circumstances of the present case necessitate[] the district court's intervention," and that the method of service "comport[s] with constitutional notions of due process" and is not prohibited by international agreement.[4] *Rio,* 284 F.3d at 1015-16. Constitutional notions of due process are satisfied when the method of service is "reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them the opportunity to present their objections." *Id.* at 1016-17 (*quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Amazon.com, Inc. v. Bamb Awns*, 2023 WL 2837076, at *2 (W.D. Wash. Apr. 7, 2023) (M.J. Peterson) (quoting standard and granting plaintiffs' motion for alternative service via email on Chinese defendants); *Amazon.com, Inc. v. Yong*, 2023 WL 3075636, at *2 (W.D. Wash. Apr. 25, 2023) (M.J. Vaughan) (same).

In evaluating whether email is "reasonably calculated" to give defendants notice of an action, courts consistently find that email satisfies due process when certain criteria are met.

First, courts consider whether defendants conduct their business through the internet, and whether email has been the defendants' preferred method of communication. *See*, *e.g.*, *Rio,* 284 F.3d at 1016-18 (permitting email service where the defendant "has embraced the modern e-business model and profited immensely from it…and structured its business such that it would be contacted *only* via its email address"); *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818,

---

[4] The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"), which governs service of process among nations that are party to the Hague Convention, including China and the U.S., does not apply "where the address of the person to be served with the document is not known." Hague Convention, arts. 1, 15 (available at https://www.hcch.net/en/instruments/conventions/specialised-sections/service) (last accessed August 28, 2023). Here, Defendants are located in China but their precise locations are unknown. Dkt. 40, ¶¶ 3, 10-13. As such, the Hague Convention does not apply. Hague Convention, art. 1; *Fornix Holdings LLC v. Pepin*, 2022 WL 4359086, at *2 (D. Ariz. Sept. 20, 2022) (finding that the Hague Convention does not apply "'where the address of the person to be served with the document is not known'" (quoting Hague Convention, art. 1)).

PLAINTIFFS' *EX PARTE* SECOND RENEWED MOTION
FOR ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS- 6
(Lead Consolidated Case No. 2:21-cv-0159-TL-BAT)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

at *7 (N.D. Cal. Dec. 20, 2017) ("Because email has been zealously embraced within the business community, email service is proper when a company has structured its business such that it could only be contacted via its email address, and email is the method of communication the company utilizes and prefers.") (internal quotation marks and citation omitted), *report and recommendation adopted by* 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).

Second, courts consider whether physical addresses for defendants can be located, and thus, whether email is the most likely available means to provide notice to defendants. *Amazon.com, Inc. v. Ruiping*, 2022 WL 486267, at *3 (W.D. Wash. Feb. 17, 2022) (J. Lin); *Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co., Ltd.,* 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (J. Jones) (granting email service as to defendants whose addresses were unknown); *Keck v. Alibaba.com, Inc.,* 2018 WL 3632160, at *3 (N.D. Cal. July 31, 2018) (email service granted where physical addresses of defendants could not be located); *Bright Sols.,* 2017 WL 10398818, at *7 (email service granted where "Defendants structured their counterfeit business such that they could only be contacted by email."); *Toyo Tire & Rubber Co. v. CIA Wheel Grp.,* 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016) (email service granted where foreign defendants' physical addresses were unknown); *Facebook, Inc. v. Banana Ads, LLC,* 2012 WL 1038752, at *6 & n.2 (N.D. Cal. Mar. 27, 2012) (same).

Third, courts consider whether defendants are deliberately attempting to evade service of process. *See Rio*, 284 F.3d at 1016, 1018 ("Indeed, when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process").

Finally, courts consider whether plaintiffs can also show they previously communicated with defendants using email. *Liberty Media Holdings, LLC v. Vinigay.com*, 2011 WL 810250, at *3-4, (D. Ariz. Mar. 3, 2011) (allowing alternative service by email where plaintiff had previously communicated with the defendant by email); *Keck.,* 2018 WL 3632160, at *2 (several defendants responded to plaintiffs' email messages).

Here, the criteria courts have found sufficient to support email service are satisfied. First,

PLAINTIFFS' *EX PARTE* SECOND RENEWED MOTION
FOR ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS- 7
(Lead Consolidated Case No. 2:21-cv-0159-TL-BAT)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

similar to the defendant in *Rio*, Defendants relied on email communication to operate their businesses. Dkt. 39, ¶¶ 4-5. Second, Defendants' physical addresses remain unknown despite Plaintiffs' years-long efforts to locate them owing to Defendants' deliberate efforts to conceal their true locations. Dkt. 13, ¶¶ 4-5; Dkt. 40, ¶¶ 10-13. Third, Defendants have gone to elaborate efforts to use false and fraudulent documents and information to avoid detection, legal action, and service. Dkt. 13, ¶¶ 2-8; Dkt. 40, ¶ 5. Finally, Amazon has previously communicated with Defendants using the email addresses registered with their Selling Accounts. Dkt. 39, ¶ 5. According to *Rio* and the many decisions of courts in this District, this evidence taken together supports email service. *Rio*, 284 F.3d at 1017-18; *see also Amazon.com, Inc. v. Dafang Haojiafu Hotpot Store*, 2021 WL 4307067, at *1-2 (W.D. Wash. Sept. 22, 2021) (J. Martinez); *Amazon.com, Inc. v. Sirowl Tech.*, 2020 WL 7122846, at *3 (W.D. Wash. Dec. 4, 2020) (M.J. Creatura).

Some district courts in the Ninth Circuit also require plaintiffs to show that the email addresses associated with the defendants are still functional. Where test emails are not returned as undeliverable, these courts deem defendants' email addresses to be proper methods for service. *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, 2021 WL 165013, at *3 (S.D. Cal. Jan. 19, 2021) (granting leave for service via email where test emails to defendants "did not bounce back nor [were] returned as being 'undeliverable.'"); *Dyslexia*, 2017 WL 10398818, at *7 ("Plaintiffs served Defendants [by email] and filed proofs of service. These emails did not bounce back. Service was therefore proper."); *Bamb Awns*, 2023 WL 2837076, at *3 ("Plaintiffs have identified email addresses that [d]efendants used in their online businesses, and verified that those email addresses remain active. Together, these circumstances provide sufficient indicia that Defendants are likely to receive notice if served by email."); *Yong*, 2023 WL 3075636, at *4 (same). Here, Plaintiffs' counsel directed test emails to be sent to Defendants' email addresses and confirmed that multiple working email addresses exist for each Defendant. Dkt. 40, ¶¶ 14, 16. Courts in this District have repeatedly authorized email service when presented with this proof. *Amazon.com, Inc. v. KexleWaterFilters*, 2023 WL 3902694, at *2 (W.D. Wash. May 31,

PLAINTIFFS' *EX PARTE* SECOND RENEWED MOTION
FOR ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS- 8
(Lead Consolidated Case No. 2:21-cv-0159-TL-BAT)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

2023) (J. Robart) (finding that service on email addresses associated with defendants' Amazon selling accounts is likely to provide defendants notice of the lawsuit where test messages received no error messages or bounce-back messages); *Yong*, 2023 WL 3075636, at *4 (same); *Amazon.com, Inc. v. Ackary*, 2023 WL 4581785, at *3 (W.D. Wash. July 18, 2023) (M.J. Peterson) (same); *Amazon.com, Inc. v. Phmn9y3v*, 2023 WL 4581812, at *3-4 (W.D. Wash. July 18, 2023) (M.J. Peterson) (same).

Under the facts of this case, email service on Defendants is not only "reasonably calculated" to apprise Defendants of the action but is, in fact, the method of service *most likely* to reach Defendants given their efforts to obfuscate and conceal their physical locations. *See Rio*, 284 F.3d at 1016-17 (observing that email service was "most likely" to reach the defendant who operated an online business after plaintiff made multiple good faith yet unsuccessful attempts to serve the defendant and defendant was "striving to evade service of process").

**B.   Plaintiffs' New Evidence Demonstrates that Defendants Recently Used the Email Addresses to Access Their Financial Accounts**

This Court's Order went one step further than the criteria discussed above and required evidence that Defendants are "monitoring" their email addresses, i.e., something more than showing that test emails to Defendants' email addresses were delivered and received no bounce back messages. Dkt. 42 at 4-5. The Court appears to expect evidence that offers some further certainty that Defendants will read the message. The Court notes, for instance, that in other cases, there were facts suggesting that defendants had actually received notice of the action because they had either hired counsel, who refused to accept service, or had responded to prior emails from plaintiffs. *Id.* at 6. Of course, those are not the facts here, nor do they need to be. Given Defendants' long history of concealment and deception in the interest of going undetected, it is not reasonable to expect that Defendants would respond to an email from Plaintiffs or Plaintiffs' counsel.

In *Rio*, even though the plaintiff sought (1) service on defendant's international courier, (2) service on its attorney, who had previously refused to accept service, and (3) service by

PLAINTIFFS' *EX PARTE* SECOND RENEWED MOTION
FOR ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS- 9
(Lead Consolidated Case No. 2:21-cv-0159-TL-BAT)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

email, the Ninth Circuit particularly embraced email service separate and apart from the other methods of service, which required service through "intermediaries."[5] 284 F.3d at 1016-18. It remarked that "email was the only court-ordered method of service aimed directly and instantly" at the defendant and was the method of service "most likely" to reach the defendant. *Id. at 18*. The Ninth Circuit further rejected the notion that service "reasonably calculated" to give defendants notice of the action required certainty that it would actually reach the defendants. The Ninth Circuit permitted email service on the defendant despite limitations on email service at that time, including that there may be "no way to confirm receipt of the email message."[6] *Id*. It also noted with approval that courts have authorized other means of service that did not ensure actual receipt, including notice by publication, mail to a defendant's last known address, and notice by "telex."[7] *Rio*, 284 F.3d at 1016 (collecting cases); *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir.1987) (condoning service of process by publication); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979) (approving service by mail to last known address); *Smith v. Islamic Emirate of Afghanistan*, 2001 WL 1658211, at *2-3, (S.D.N.Y. Dec. 26, 2001) (authorizing service by publication); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80-81 (S.D.N.Y. 1980) (allowing service by telex for Iranian defendants). The Ninth Circuit emphasized that alternative service under FRCP 4(f)(3) should not be treated as "extraordinary relief" or an option of "last resort," but instead should be used to enable service on "an elusive international defendant" in order to "ensure the smooth functioning or our courts of law." *Rio,* 284 F.3d at 1015, 1016.

---

[5] The Ninth Circuit also found that "*each* method of [alternative] service" permitted by the district court was reasonably calculated, under the circumstances, to apprise the defendant of the action and afford it the opportunity to respond, indicating that email service was valid on its own accord and not because it was combined with the other methods of service. *Rio*, 284 F.3d at 1017 (emphasis added).

[6] Nearly 20 years later, certain limitations the Ninth Circuit referenced in *Rio* with respect to email service have been remedied with technological advancements. Here, for example, Plaintiffs are seeking to serve Defendants using the online service RPost, which does provide confirmation that the email was delivered to Defendants' email addresses. Dkt. 40, ¶ 18.

7 Telex was an international system used to send written messages electronically prior to the rise of fax machines in the 1980s. *See* Collins Dictionary (https://www.collinsdictionary.com/dictionary/english/telex) (last accessed August 28, 2023).

PLAINTIFFS' *EX PARTE* SECOND RENEWED MOTION
FOR ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS- 10
(Lead Consolidated Case No. 2:21-cv-0159-TL-BAT)

1   Here, by requiring proof that defendants are monitoring the email addresses, the Order strays from the flexible approach to FRCP 4(f)(3) that the Ninth Circuit approved in *Rio.* Indeed, in *Rio*, the Court approved email service although there was no certainty the defendants would read the email message. 284 F.3d at 1018 (permitting email service even though there was no confirmation of receipt of the email). Plaintiffs respectfully submit that a more flexible standard should be applied to ensure that bad actors cannot escape consequences for their misconduct by concealing their physical locations and then refusing to respond to email messages despite having used those emails to operate their counterfeiting businesses.

Nonetheless, in response to the Order, Plaintiffs have collected further evidence showing that Defendants are actively using (and therefore likely monitoring) their email addresses registered with Payoneer. Specifically, B. He logged into his Payoneer account using his email address as recently as July 21, 2023, and Dong logged into his Payoneer account using his email address as recently as March 28, 2023. Commerson Decl., ¶ 2. This evidence shows that Defendants have used these email addresses recently and therefore it is more likely than not that they are continuing to monitor them. Plaintiffs' counsel also sent test emails to Defendants' email addresses registered with Payoneer in May 2023 and received no bounce backs or error messages, showing that these email addresses are functional. Because the test emails that Plaintiffs have directed to Defendants' email addresses registered with Payoneer confirm that the email addresses are valid and functional, and because the recent logins show that Defendants have been actively using the email addresses within the past several months to access their Payoneer accounts, service on these email addresses is reasonably calculated to provide Defendants with notice of the lawsuit. Plaintiffs respectfully request the Court authorize service of the Summons and FAC (as well as the order granting email service) as follows:

- on Defendant Dong through the following email address registered with Payoneer: 84389698@qq.com; and
- on Defendant B. He through the following email address registered with Payoneer: bibiaopppka@sina.com.

PLAINTIFFS' *EX PARTE* SECOND RENEWED MOTION FOR ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS- 11 (Lead Consolidated Case No. 2:21-cv-0159-TL-BAT)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

*See* Proposed Order. Plaintiffs will use an online service, RPost (www.rpost.com), that provides proof of authorship, content, delivery, and receipt. Commerson Decl., ¶ 3. Following the Court's approval, Plaintiffs will provide the Court with confirmation of completed service by email.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court authorize Plaintiffs to serve Defendants by registered email through certain email addresses associated with their Payoneer accounts.

DATED this 28th day of August, 2023.

*I certify that this memorandum contains 3,772 words, in compliance with the Court's Order permitting an over-length brief. See Dkt. 47.*

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*s/ Scott R. Commerson*
Scott R. Commerson, WSBA #58085
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

PLAINTIFFS' *EX PARTE* SECOND RENEWED MOTION
FOR ALTERNATIVE SERVICE ON CERTAIN DEFENDANTS- 12
(Lead Consolidated Case No. 2:21-cv-0159-TL-BAT)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax